# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

MARILYN KIDD-BRIER, et al.,

        Plaintiffs,

v.                                        CIVIL ACTION NO. 2:13-cv-11193

C. R. BARD, INC., et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending are (1) Defendant's Motion for Summary Judgment, filed by defendant Tissue Science Laboratories Limited ("TSL") on August 6, 2018 [ECF No. 24]; and (2) Defendant's Amended Motion for Summary Judgment, filed by TSL on September 18, 2018 [ECF No. 27]. Other defendants in this case include C.R. Bard, Inc., who has not been served, and Boston Scientific Corporation. The court **ORDERS** that TSL's Motion for Summary Judgment [ECF No. 24] is **DENIED** as moot.

Turning to the Amended Motion [ECF No. 27], plaintiffs have responded [ECF No. 29] and TSL has replied [ECF No. 32], making it ripe for decision. In the Amended Motion, TSL argues that the court should enter summary judgment in favor of TSL because (1) plaintiffs' expert disclosures as to TSL were untimely and should be excluded; and (2) even if plaintiffs' expert disclosures had been timely, the opinions offered cannot satisfy plaintiffs' burden of proof. In their response, plaintiffs argue that (1) the late filing was harmless error; (2) they will not be moving forward against TSL as to claims in Count III (strict liability – manufacturing defect), Count IV (strict liability – failure to warn), Count V (breach of express warranty), and Count VI (breach of implied warranty), thus leaving only Count I (negligence), Count II (strict liability – design defect),

Count VII (consortium by husband), and Count VIII (punitive damages); and (3) their expert report from Dr. Wheeler proffers sufficient evidence that TSL's product, Pelvicol, injured plaintiffs.

Upon consideration of the arguments of counsel and having weighed the factors in *Hoyle v. Freightliner, LLC*, 650 F.3d 321, 329-30 (4th Cir. 2011), the court **ORDERS** that TSL's Amended Motion is **DENIED in part** to the extent TSL argues that it is entitled to summary judgment because plaintiffs' disclosures were untimely.

The court further **ORDERS** that TSL's Amended Motion is **GRANTED in part** as to the claims plaintiffs state they will no longer pursue against TSL: Count III (strict liability – manufacturing defect), Count IV (strict liability – failure to warn), Count V (breach of express warranty), and Count VI (breach of implied warranty). The court **ORDERS** that in light of plaintiffs' concession, TSL is entitled to summary judgment on these counts, and the counts are dismissed with prejudice as to TSL.

Finally, as to Count I (negligence) and Count II (strict liability – design defect), the court **ORDERS** that TSL's Amended Motion [ECF No. 27] is **RESERVED**.

In summary, the court **ORDERS** that

(1) TSL's Motion for Summary Judgment [ECF No. 24] is **DENIED as moot;**

(2) TSL's Amended Motion for Summary Judgment [ECF No. 27] is **GRANED as to Counts II, III, IV, V and VI** and these courts are **DISMISSED with prejudice as to TSL;** and

(3) TSL's Amended Motion for Summary Judgment [ECF No. 27] is **RESERVED** as to Counts I and II.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record.

ENTER: September 26, 2019

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE